**IN THE UNITED STATES FEDERAL COURT**
**OF NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **DMITRY BANDURIN** | } | Case No. <u>**2019-CV-00255**</u> |
| **SVETLANA BANDURINA** | } | |
| **ALEXANDER BANDURIN** | } | |
| **2605 Dorothy Drive** | } | |
| **Aurora, IL, 60504** | } | |
| **on behalf of themselves and all others** | } | |
| **similarly situated passengers of** | } | |
| **proposed Class** | } | |
| **Plaintiffs** | } | |
| | } | |
| **vs.** | } | |
| | } | |
| **AEROFLOT RUSSIAN AIRLINES,** | } | |
| **1634 Eye Street NW, Suite 200** | } | |
| **Washington, DC 20006** | } | |
| **a foreign corporation** | } | |
| **Defendant** | } | |
| | } | |
| **and** | } | |
| | } | |
| **FINNAIR O.Y.J.** | } | |
| **FinnAir Oyj,** | } | |
| **Paakassa ACA/14, 01053** | } | |
| **Finland** | } | |
| **Defendant** | } | |
| | } | |
| | } | **JURY DEMAND ON ALL COUNTS** |

_____

**CLASS ACTION COMPLAINT AT LAW**
_____

      **NOW COMES** the above-named Plaintiffs, DMITRY BANDURIN,

SVETLANA BANDURINA and ALEXANDER BANDURIN; individually and on

behalf of all other similarly situated members of proposed Classes of passengers**,** by their

counsel of record, Attorney Vladimir M. Gorokhovsky of Gorokhovsky Law Offices

LLC, and as their CLASS ACTION COMPLAINT AT LAW pursuant to the Articles 19

and 22(6) of the Montreal Convention for the Unification of Certain Rules for

International Carriage by Air, May 28, 1999 for compensable economic actual, general, punitive, statutory, incidental and consequential damages for violation of the Article 19 of said Montreal Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999 (entered into force on Nov. 4, 2003)(Montreal Convention), *reprinted in* S. Treaty Doc. No. 106-45; 49 U.S.C.A.App. § 1502 (49 USCA § 40105, *et. seq.*), as well as Cause of Action for Racketeer Influenced and Corrupt Organizations Act, RICO, 18 USCA §1964(c)against the above-named defendants, AEROFLOT RUSSIAN AIRLINES, and FINNAIR O.Y.J., jointly and severally, are alleging as follows:

## I. NATURE OF THIS ACTION:

1.     That this civil action arises under the Treaty of the United States known as the Convention for the Unification of Certain Rules Relating to International Transportation by Air, concluded at Warsaw, Poland, October 12, 1929 ("Warsaw Convention"), 49 Stat. 3000, T.S. No. 876, 137 L.N.T.S. 11 (1934), reprinted in note following 49 U.S.C. § 1502 (1976) or in alternative under Article 19 of Montreal Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999 (entered into force on Nov. 4, 2003) (Montreal Convention), *reprinted in* S. Treaty Doc. No. 106-45, which is the supreme law of this land.[1]

2.      That at all times material hereto the Plaintiffs purchased international airfare transportation from Chicago to and from Moscow, Russian Federation.

---

[1] http://www.state.gov/e/eb/rls/othr/ata/114157.htm

3.      That the United States, Russian Federation and Republic of Finland are signatories to the Montreal Convention.[2]

4.      That by procuring this international airfare from the place of their residence located within Cook County, Illinois the above-named Plaintiffs entered into binding legal contract with the above-named defendant for international transportation by air from the place of their domicile at Chicago, Illinois to Moscow, Russian Federation and back to Chicago, Illinois.

5.      That at all times material hereto on August 5, 2018 the above-named Plaintiffs were scheduled to fly from Moscow, Russian Federation to Helsinki, Finland and thereafter to Chicago, Illinois, USA.

6.      That on August 5, 2018 at 10:45 AM the plaintiffs were scheduled to depart from Moscow on the board of Finnair flight AY 6840 which was co-shared by Aeroflot as flight SU 2206.

7.      That thereafter from Helsinki the Plaintiffs were scheduled to depart to Chicago on Finnair flight AY9.

8.      That the Plaintiffs registered in advance for all flights.

9.      That on August 5, 2018 the Plaintiffs arrived to Moscow's Sheremetyevo International Airport Terminal D around 8:20AM.

10.      That at that time the Plaintiffs observed registration operated by Aeroflot being conducted for all Aeroflot flights only in two lines.

11.      That the Plaintiffs were not allowed to register their luggage until 9:30AM and thereafter cleared thorough security check and passport control.

---

[2] http://legacy.icao.int/icao/en/leb/mtl99.pdf

12.     That thereafter the Plaintiffs were told to get to gate 44 at Terminal F.

13.     That it usually takes approximately 15-20 min from security check point to Terminal F.

14.     That this is a road with many transitions, turns and stairs, which takes approximately 15-20 minutes to complete for a healthy person from the point of security inspection.

15.     That the Plaintiff SVETLANA BANDURINA has a in-born congenital subluxation of the hip, and for her this trip to Terminal F was much longer.

16.     That as a result, the Plaintiffs arrived 18-19 minutes before departure, but were not allowed to board said flight despite the fact that said flight was still by the gate.

17.     That as a further result, the Plaintiffs also missed their connecting flight from Helsinki to Chicago.

18.     That at that time the representative of Aeroflot refused to help the Plaintiffs with finding a replacement for the missed flights.

19.     That instead the Plaintiffs were forced and specifically compelled to buy new tickets for 3 people worth about 170 thousand rubles ($2640 USD).

20.     That while being estranged at Sheremetyevo International Airport the above-named Plaintiffs were not provided with any meaningful care by the above-named defendant.

21.     That at all times material hereto while being estranged at Sheremetyevo International Airport the above-named Plaintiffs experienced willful indifference on the part of employees of the above-named defendant, who were not willing to provide any

care for estranged passengers and who were not advising their passengers as to cause,

nature, extent, duration of delay of departing flights operated by Finnair and Aeroflot.

22.     That subsequently, more than 24 hours later the above-named Plaintiffs

arrived to their destination being more than 24 hours late of their preplanned arrival and

missed several days of their work.

23.     That consequently the Plaintiffs also incurred compensable economic Per

Diem, local accommodation, food and transportation expenses.

24.     That the above-identified circumstances of delay or cancellation of

plaintiff's international airfare transportation flights operated by Aeroflot Airlines is

actionable pursuant to Article 19 of the Montreal Convention for the Unification of

Certain Rules for International Carriage by Air, May 28, 1999 (entered into force on Nov.

4, 2003) (Montreal Convention), *reprinted in* S. Treaty Doc. No. 106-45;  49

U.S.C.A.App. § 1502 (49 USCA § 40105, *et. seq.*).

25.     That as a direct and proximate cause of said delayed departure of

international air flights operated by Aeroflot, the Plaintiffs incurred similar actual out-of-

pocket economic expenses in approximate sum in the sum to be proven at trial.

26.     That, at all times material hereto, as a direct and proximate cause of the

above-identified willful indifference by Aeroflot and its employees, and delay of

international airfare in excess of many hours the Plaintiffs incurred compensable

economic actual, general, special, incidental and consequential damages, including but

not limited to per diem expenses, in the sum to be proven at trial.

27.     That as a direct and proximate cause of delayed departure of flights

operated by the above-named defendants, the Plaintiffs were needlessly subjected to

compensable economic actual, general, special, incidental and consequential pecuniary damages, including but not limited to travel cancellation expenses, loss of vacation time, loss of benefit of their bargain, per diem and lodging expenses, indifferent treatment, inconvenience, physical discomfort, physical exhaustion, financial injury of loss of time and loss of benefit of their bargain; as well physical anxiety, physical frustration, uncertainty, loss of use of their monies and other legally cognizable economic damages.

28.     That as a direct and proximate cause of delayed departure of international air flights operated by the above-named defendants, the above-named Plaintiffs were subjected to additional lodging and Per Diem expenses, spoliation of their memorable international vacation, physical inconvenience, financial injury, physical discomfort, financial injury of loss of time with nexus to loss of use of their monies and benefit of bargain, and was subjected to various compensable economic actual, general, special, incidental and consequential damages in the sum to be ascertained at trial.

29.     That, at all times material hereto, the above-named defendant AEROFLOT was recklessly indifferent to travel-related needs of the above-named Plaintiffs and to its own voluntarily assumed contractual obligations.

30.     That, upon information and believe, delay of the above-referenced defendant and its servants and agents did not pursue any and or all measures that could reasonably be required to avoid the damage to the Plaintiffs.

31.     That, upon information and believe, it was not impossible for Aeroflot to pursue any and all measures that could reasonably be required to avoid the damage to the Plaintiffs.

32.     That therefore the above-named plaintiffs are now seeking, among other relief, to recover actual, general and special damages in aggregate sum of $32,439.00; as well as incidental and consequential damages (in the sum not yet certain but to be proven at trial) from Finnair and Aeroflot, jointly and severally, for delay in international air transportation as well as under other legal theories incorporated herein under the doctrine of pendent jurisdiction.

33.     That, additionally, pursuant to the Article 22(5) of the Montreal Convention, the Plaintiffs are also asserting claim for economic compensatory damages in the excess of the above-referenced cap on damages imposed by the Article 22(1) of Montreal Convention in the sum not yet certain but to be ascertained and proven at trial recoverable from defendant on the theory of "reckless indifference" of defendant's employees while acting in the scope of their employment and for benefit of their employer.

34.     That pursuant to Article 19 of the Montreal Convention, the defendant is liable for damages caused by delays of international air carriage of its passengers.

35.     That the above-named Plaintiffs, on their own behalf and on behalf of all similarly situated members of Class of Passengers of delayed air flights are bringing this action for compensation for damages caused by delays of international flights.

## II. JURISDICTION AND VENUE:

36.     That the above-named Plaintiffs are repeating, re-alleging, and adopting §§ 1-35 of preceding section of this entire Class Action Complaint at Law, as set forth fully herein and incorporates them by reference:

37.     That the court's subject matter jurisdiction is invoked under 28 U.S.C. §

1331, 28 U.S.C. § 1332, 28 U.S.C. § 1337, and doctrine of pendent jurisdiction.

38.     That, additionally the United States District Court for the Northern District of Illinois shall exercise jurisdiction over the cause of action set forth in this complaint under and pursuant to Art 33(1) of Montreal Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999.[3]

39.     That Art. 19 of the Montreal Convention set forth the private cause of action for money damages caused by delay or cancellation of international airfare transportation against the above-named defendant.[4]

40.     That the United States is signatory to Montreal Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999.[5]

41.     That the Russian Federation is signatory to the Montreal Convention.

42.     That this class action also arises under  28 U.S.C. § 1331, 28 U.S.C. § 1332, 28 U.S.C. § 1337, as well as the Class Action Fairness Act, 28 U.S.C. § 1332(d); as well as under the doctrine of pending jurisdiction.

43.     That the court's jurisdiction is also invoked under Art 33 of the Montreal Convention and the doctrine of pendent jurisdiction.

44.      That the matter in controversy, exclusive of interest and costs, far exceeds the sum or value of $3,633,168.00 and is a class action in which some of the

---

[3] The Montreal Convention is available in the UNITED STATES CODE SERVICE (U.S.C.S.) volume titled International Agreements at 635 (2007). It is also available at S. Treaty Doc. No. 106-45, 1999 WL 33292734 at 29-45.
[4] See, Article 19 of the Montreal Convention, The carrier is liable for damages occasioned by delay in the carriage by air of passengers, baggage or cargo. Nevertheless, the carrier shall not be liable for damage occasioned by delay if it proves that it and its servants and agents took measures that could reasonably be required to avoid the damage or that it was impossible for it or them to take such measures." Id.
[5] http://legacy.icao.int/icao/en/leb/mtl99.pdf

members of the Class of plaintiffs, whose number exceeds 100, are citizens of states different from the above-named defendant.

45.     That further, greater than two-thirds of the class members reside in states other than the states in which the above-named Defendants are the citizens.

46.     That venue is proper in this Court under 28 U.S.C. § 1391 because all the above -named Plaintiffs reside at DuPage County, Illinois.

47.      That the above-named defendants are doing business and are soliciting airline passengers by selling airfare tickets and are conducting their business of air transportation within the State of Illinois.

48.      That the above-named defendant Aeroflot is domiciled at the Russian Federation and / or are doing business within the jurisdiction of the United States District Court for Northern District of Illinois.

49.     That the above-named defendant Finnair is domiciled at the Republic of Finland and / or are doing business within the jurisdiction of the United States District Court for Northern District of Illinois.

50.     That the above-named Plaintiffs, on their own behalf and on behalf of all Class Members, is seeking, among other relief, to recover actual, general and special damages in aggregate sum of $6,487.80 per passenger in aggregated sum to be determined at trail; as well as incidental and consequential damages (in the sum not yet certain but to be proven at trial) from the defendant for delay of international air flights in a course of international air transportation; as well as under other legal theories incorporated herein under the doctrine of pendent jurisdiction.

51.     That, upon information and believe, the matter in controversy exceeds

$3,633,168.00 exclusive of interest and costs, in that the above-named Plaintiffs are alleging actual damages in the sum of $6,487.80 per passenger and member of purported Class, as well as compensatory, actual, general, special, incidental and consequential damages in the sum not yet certain but to be ascertained and proven at trial.

52. That, additionally, pursuant to Article 22(5) of Montreal Convention, the above-named Plaintiffs on their own behalf and on behalf of all other Class Members is also asserting claim for compensatory, additional, general, special, incidental and consequential damages in the excess of the above-referenced cap on damages imposed by Warsaw Convention and or by Article 22(1) of Montreal Convention in the sum not yet certain but to be ascertained and proven at trial recoverable from the defendant on the theory of "reckless indifference" by the defendant to plaintiff's travel-related ordeal allegedly perpetrated by certain employees of Aeroflot Airlines while acting in the scope of their employment and for benefit of their employer.

53. That additionally this Court has jurisdiction over this class action matter pursuant to 28 U.S.C. § 1337 as well as the Class Action Fairness Act, 28 U.S.C. § 1332 (d), in that:

      (a)   This is a class action involving 100 or more class members; and

      (b)   Plaintiffs, permanent residents of Illinois, are diverse in citizenship to defendant Aeroflot Airlines, which are incorporated in the State of Delaware, USA.

54. This case is properly maintainable as a class action pursuant to and in accordance with Rule 23(a) of the Federal Rules of Civil Procedure in that:

      (a)   The Class is so numerous that joinder of all members is impractical;

(b)      There are substantial questions of law and fact common to the Class including those set forth in greater particularity below;

(c)      This case is properly maintainable as a class action pursuant to Rule 23(b) of the Federal Rules of Civil Procedure, in that:

         i.      Questions of law and fact enumerated below, which are all common to the Class, predominate over any questions of law or fact affecting only individual members of the Class;

         ii.      A class action is superior to any other type of action for the fair and efficient adjudication of the controversy;

         iii.      The relief sought in this class action will effectively and efficiently provide relief to all members of the class; and

         iv.      There are no unusual difficulties foreseen in the management of this class action.

55.      That this Court has personal jurisdiction over the above-named defendant, Aeroflot Airlines, who is maintaining at least minimum contacts with the State of Illinois through a conduct of air transportation business within State of Illinois and by otherwise availing themselves of Illinois' markets through their air travel operations, offices, logistical services, sales, and marketing efforts.

56.      That as to their individual claims the above-named Plaintiffs are pursuing, among other relief, to recover their actual, general and special damages in aggregate sum exceeding $6,897.82 per passenger; as well as their incidental and consequential damages (in the sum not yet certain but to be proven at trial) from the defendant for delay in international air transportation; as well as under other legal theories incorporated herein under the doctrine of pendent jurisdiction.

III.   PARTIES:

57.     That the above-named Plaintiffs are repeating, re-alleging, and adopting §§ 1-56 of preceding sections of this entire Class Action Complaint at Law, as set forth fully herein and incorporates them by reference:

58.     That the above-named Plaintiffs are repeating, re-alleging, and adopting §§ 1-6 of Jurisdiction Section as set forth fully herein and incorporates them by reference:

59.     That at all times material hereto the above-named Plaintiffs, DMITRY BANDURIN and SVETLANA BANDURINA were adult citizens of the USA residing at: 2605 Dorothy Drive, Aurora, IL 60504.

60.     That at all times material hereto the above-named Plaintiff, ALEXANDER BANDURIN was an adult citizen of the USA, residing at**:** 2605 Dorothy Drive, Aurora, IL 60504.

61.     That the above-named defendant FINNAIR is believed to be a "community carrier" and an air carrier with valid operational license granted by European Community Member State in accordance with the provisions of Counsel Regulation (EEC) No. 2407/92 of July 23, 1992 on licensing of air carriers domiciled within European Union with headquarters located at: FinnAir Oyj, Paakassa ACA/14, 01053, Finland.

62.     That the above-named defendant FINNAIR are domiciled at the country which is signatory to the Montreal Convention.[6]

---

[6] "The decision to ratify the Montreal Convention, which introduces a modernized and uniform legal framework governing airline companies' liability in the event of damage caused to passengers, baggage or goods during international journeys, codified by Council Decision 2001/539/EC of 5 April 2001 on the conclusion by the European Community of the Convention for the Unification of Certain Rules for International Carriage by Air" (the Montreal Convention) [Official Journal L 194 of 18.07.2001]; *see* http://europa.eu/legislation_summaries/transport/air_transport/l24255_en.htm

63. That the above-named defendants domiciliary of the country –signatory to the Montreal Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999.

64. That the United States District Court for the Northern District of Illinois shall exercise jurisdiction over the cause of action set forth in this complaint under and pursuant to Art 33(1) of Montreal Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999, and pursuant to 28 U.S.C. § 1337.

65. That the above-named defendants are doing business within the jurisdiction of the United States District Court for Northern District of Illinois.

66. That the matter in controversy exceeds $3,633,168.00 exclusive of interest and costs, in that the above-named plaintiffs are alleging actual damages to the class of passengers of canceled flights operated by the above-named defendant; as well as their similar damages in the sum not yet certain but to be ascertained and proven at trial.

67. That the above-cited federal treaties provide for the private cause of action against the above-named defendant.

IV. **STATEMENT OF CLAIM AND PLAINTIFF'S FACTUAL ALLEGATIONS AS TO RELEVANT TO INDIVIDUAL AND CLASS ACTION CLAIMS.**:

68. That the above-named Plaintiffs are repeating, re-alleging, and adopting §§ 1-67 of preceding sections of this entire Class Action Complaint at Law, as set forth fully herein and incorporates them by reference:

69. That at all times material hereto the above-named Plaintiffs purchased airfare transportation from Chicago to Moscow, Russian Federation and back to Chicago, USA.

70.     That by procuring this international airfare from the place of their residences at DuPage County, Illinois the Plaintiffs entered into binding legal contract with the above-named defendants for international transportation by airfare transportation.

71.     That at all times material hereto on August 5, 2018 the above-named Plaintiffs presented themselves 18-19 minutes before conclusion of boarding of flight Finnair flight AY 6840 which was co-shared by Aeroflot as flight SU 2206.

72.     That at all times material hereto the Plaintiffs and four other passengers were not allowed to board said flight.

73.     That entire Bandurin's Family and other passengers of the same flight can confirm that no one announced a beginning or a completion  of the boarding at Terminal F.

74.      That subsequent to denial of boarding to Bandurin's Family Aeroflot told them to go to office of Finnair at Terminal D for further rebooking.

75.     That this was false representation because Finnair did not maintain its office at Terminal D.

76.     That at all times material hereto the above-named Plaintiffs were ordered by Aeroflot to procure at additional expense a new airfare tickets form much later departure.

77.      That upon information and believe such tactics of Aeroflot is their routine *modus operandi,* deployed in violation of pertinent rules promulgated by IATA with the goal to increase their cash-in-flow and to generate an additional but illegal revenue.

78.     That at all times material hereto such illegal tactics promulgated by Aeroflot harmed thousands of Americans traveling to and from Russian Federation on the various flights operated by Aeroflot.

79.     That at all times material hereto such tactics employed by Aeroflot were willful and malicious and were used by Aeroflot in violation of pertinent rules promulgated by IATA.

80.     That while being estranged at Sheremetyevo International Airport on August 5, 2018 the above-named Plaintiffs were not provided with any care by the above-named defendant.

81.     That while being estranged at Sheremetyevo International Airport the above-named Plaintiffs experienced willful indifference on the part of employees of the above-named defendant Aeroflot, who were not willing to provide any care for estranged passengers and who were forcing its passengers to procure an additional and unnecessary air fare.

82.     That at all times material hereto the above-named Plaintiffs arrived to their international destinations more than 24 hours late of their preplanned arrival and missed one day of their employment causing them to incur loss of wages in the sum to be determined at trial.

83.     That the above-identified circumstances of delay or cancellation of plaintiff's international airfare transportation flights is actionable pursuant to Article 19 of Montreal Convention.

84.     That as a direct and proximate cause of said willful and malicious refusal by Aeroflot to allow boarding of their departing flight, which at that time was still by the

gate, the plaintiffs incurred substantially similar actual out-of-pocket expenses in the sum to be proven at trial.

85.      That, as a direct and proximate cause of the above-identified willful indifference by the defendant, and delays of the above-identified international airfare flights in excess of 12 hours the plaintiffs incurred actual, general, special, incidental and consequential damages including but not limited to per diem expenses in the sum to be proven at trial.

86.      That as a direct and proximate cause of delayed and or cancelled departures of the above-identified airfare flights, the above-named Plaintiffs were needlessly subjected to similar actual, general, special, incidental and consequential pecuniary damages, including but not limited to travel cancellation expenses, loss of vacation time, loss of benefit of their bargain, per diem and lodging expenses, indifferent treatment, inconvenience, physical discomfort, exhaustion, loss of time, delay, anxiety, frustration, uncertainty, loss of use of money and other legally cognizable damages.

87.      That, at all times material hereto, subsequently upon plaintiff's late arrival to their international destinations the above-named Plaintiffs submitted to local office of the above-named defendant their formal pre-suit notice of claim and demand for tender of compensation mandated by Art. 19 of Montreal Convention.

88.      That due to refusal of pre-suit settlement demand by defendant, the above-named Plaintiffs are entitled to reasonable attorneys fees pursuant to the Article 22(6) of Montreal Convention.

89.      That, upon information and believe, the above-named passengers of the above-referenced delayed and or cancelled international airfare flights submitted to the

above-named defendant their formal pre-suit notice of claim and demand for tender of compensation mandated by Art. 19 of Montreal Convention.

90.     That such pre-suit claims and demands for settlement were rejected by the defendants.

91.     That due to rejection of pre-suit settlement claim by the above-named Defendants, the above-named Plaintiffs are entitled to reasonable attorneys fees pursuant to Article 22(6) of Montreal Convention, [7] incorporating so-called "settlement inducement provision" contained in Article 22(4) of Hague Protocol amendments.

92.     That Hague Protocol as ratified by the U.S. Senate on July 31, 2002 is supreme law of this land, thereby establishing procedure for award of attorney's fees in the matter *sub judice*. [8]

**V.     CLASS ACTION ALLEGATIONS:**

93.     That the above-named Plaintiffs are repeating, re-alleging, and adopting §§ 1-92 of preceding sections of this entire Class Action Complaint at Law, as set forth fully herein and incorporates them by reference:

94.     That the above-named Plaintiffs are bringing this action on their own behalf and on behalf of a class of all other persons similarly situated (the "Class"),

---

[7] Montreal Convention preserved the so-called "settlement inducement provision" contained in Article 22(4) of the Hague Protocol amendments. To that extent settlement inducement provision" contained in Article 22(4) of the Hague Protocol amendments was codified in the Article 22(6) of the Montreal Convention, which states as follows:

> "The limits prescribed in Article 21 and in this Article shall not prevent the court from awarding, in accordance with its own law [7], in addition, the whole or part of the court costs and of the other expenses of the litigation incurred by the plaintiff, including interest. The foregoing provision shall not apply if the amount of the damages awarded, excluding court costs and other expenses of litigation, does not exceed the sum which the carrier has offered in writing to the plaintiff within a period of six months from the date of the occurrence causing the damage, or before the commencement of the action, if that is later."

[8] http://www.gpo.gov/fdsys/pkg/CDOC-107tdoc14/html/CDOC-107tdoc14.htm

pursuant to Rule 23 of the Federal Rules of Civil Procedure.

95.     That the Plaintiffs are bringing this action as class representatives to recover compensation required to be paid under Art 19 of the Montreal Convention and under pendent theory of breach contract.

96.     That this action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of the Federal Rules of Civil Procedure Rule 23(a) and (b).

97.     That the Plaintiffs are pursuing certification of the following class:

All persons residing in the United States who meet the following requirements:

(1)  Such person had a confirmed reservation on flight No SU 2206 operated by Aeroflot on August 5, 2018 from Moscow to Helsinki;

(2)  Such person had a confirmed reservation on flight No. SU2206 operated as operated by Aeroflot on August 5, 2018 from Moscow to Helsinki;

(3)  Such person was not allowed to board the flight SU 2206;

(4)  Such person was ordered by Aeroflot to purchase a new airfare at their own expense;

(5)  Such person affected by said delay or cancellation for at least three hours; and

(10) Such person affected by said delay or cancellation for at least three hours.

98.     That additionally the Plaintiffs seek certification of the following additional  class:

All persons residing in the United States who meet the following requirements:

(1) Such person had a confirmed reservation on any flight operated by Aeroflot to and from the United States since January 2004;

(2) Such person had a confirmed reservation on any flight operated by Aeroflot to and from the United States since January 2004;

(3) Such person was not allowed to board any flight operated by Aeroflot to and from the United States since January 2004;

(4) Such person was ordered by Aeroflot to purchase a new airfare at their own expense;

(5) Such person purchased new tickets from Aeroflot or from any other airlines, incurring additional expenses;

99.     That excluded from the above-identified Classes are:

(1) Defendant and any entities in which Defendant has a controlling interest;

(2) Any entities in which Defendant's officers, directors, or employees are employed and any of the legal representatives, heirs, successors or assigns of Defendant;

(3) The Judge to whom this case is assigned and any member of the Judge's immediate family and any other judicial officer assigned to this case;

(4) All persons or entities that properly execute and timely file a request for exclusion from the Class;

(5) Any attorneys representing the Plaintiff or the Class; and

(6) All governmental entities.

100.    That the Plaintiff reserves the right to modify or amend the definition of all Classes before the Court determines whether certification is appropriate.

101.    That the Class and or both Classes are numerously comprised of over 100 people and most likely over ten thousand people who were passengers on flights operated by Aeroflot, the joinder of which in one action would be impracticable.

102.    That the exact number or identification of the Class members is presently unknown, but identity of the Class members is ascertainable.

103.    That in addition to manifests, databases and rolls maintained by defendant and its agents, the Class members may be located and informed of the pendency of this action by a combination of electronic bulletins, e-mail, direct mail and public notice, or other means.

104.    That the disposition of the claims of the proposed class members through this class action will benefit both the parties and the Court.

105.    That common questions of law and fact predominate over individual issues.

106.    That there is a well-defined community of interest in the questions of law and fact involved affecting members of the Class.

107.    That the questions of law and fact common to the Class predominate over questions affecting only individual Class members, and include, but are not limited to, the following:

    a)    Whether AEROFLOT is required to pay compensation to the members of both Classes pursuant to art 19 of the Montreal Convention;

    b)    Whether AEROFLOT is continually engaged in unlawful violation of pertinent IATA rules by forcing its passengers to procure an additional air fare for an additional expense

    c)    Whether AEROFLOT is continuously sabotaging of remedies available to members of both Classes in accordance with Art. 19 of the Montreal Convention;

    d)    Whether Aeroflot is continuously forcing its passengers to procure at additional expense substitute tickets from Aeroflot or from any other Airlines.

105.     That the Plaintiffs are asserting claims that are typical of all Classes, having all been entitled to receive financial compensation pursuant to the Art 19 of Montreal Convention and having not received such compensation.

108.     That the Plaintiffs and the Classes members have similarly suffered harm arising from defendant's failure to pay compensation as alleged in this Complaint.

109.     That the Plaintiffs are adequate representatives of the Classes because they fit within the class definition and their interests do not conflict with the interests of the members of the Classes they seek to represent.

110.     That the Plaintiffs will prosecute this action vigorously for the benefit of the entire Class.

111.     That the above-named Plaintiffs are represented by experienced and able attorneys from law firm, which will serve as class counsel.

112.     That the undersigned Class counsel has litigated several class actions, and Plaintiffs' counsel intends to prosecute this action vigorously for the benefit of all Classes.

113.     That the Plaintiffs and class counsel can and will fairly and adequately protect the interests of all of the members of the Class.

114.     That a class action is the best available method for the efficient adjudication of this litigation because individual litigation of Class members' claims would be impracticable and individual litigation would be unduly burdensome to the courts.

115.     That due to the size of each individual Class member's claims, it would not be practicable for Class members to individually seek legal redress for the wrongs

identified in this Complaint.

116.    That without the class action vehicle, the Classes would have no reasonable remedy and would continue to suffer losses, as Aeroflot continues to fail to compensate passengers as required under Art. 19, 22 of Montreal Convention.

117.    That further, individual litigation has the potential to result in inconsistent or contradictory judgments.

118.    That a class action in this case presents fewer management problems and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

## VI. <u>CLASS AND INDIVIDUAL CLAIMS</u>:

**CLASS ACTION AND INDIVIDUAL CLAIM COUNT ONE:**
<u>Cause of Action for Damages Caused by Delay or Cancellation of International Airfare Pursuant to Article 19 of the Montreal Convention</u>

As a separate cause of action against the above-named Defendants, AEROFLOT RUSSIAN AIRLINES and FINNAIR, jointly and severally, the above-named Plaintiffs, DMITRY BANDURIN, SVETALANA BANDURINA, ALEXANDER BANDURIN, individually and on behalf of all members of both proposed classes are alleging as follows:

119.    That the above-named Plaintiffs are repeating, re-alleging, and adopting §§ 1-118 of preceding sections of this entire Class Complaint at Law as set forth fully herein and incorporates them by reference:

120.    That the above-named Plaintiffs on behalf of all other class members similarly situated of proposed Class of air flight No. SU2206 as operated by Aeroflot on August 5, 2018 from Moscow to Helsinki, which were not allowed to board said

departing flight by Aeroflot and which were ordered by Aeroflot to procure new air fare at additional expense, causing the above-named Plaintiffs to incur compensable damages are seeking, among other relief, to recover actual, general and special damages in aggregate sum of $6,897.82 per class member from the above-named defendant AEROFLOT for damages caused by delay or cancellation of international airfare pursuant Art. 19 of Montreal Convention.

121.    That at all times material hereto the above-named Plaintiffs purchased airfare transportation to be performed by Aeroflot and Finnair on August 5, 2018 from Moscow to Helsinki and thereafter to Chicago, Illinois.

122.    That on August 5, 2018, the above-named Plaintiffs were scheduled to depart from Moscow to Helsinki on Aeroflot flight SU 2206.

123.    That the above-referenced flight was scheduled to depart from Moscow to Helsinki at 10:45 A.M and to arrive to Helsinki at 13:55PM.

124.    That the above-named Plaintiffs together with four other passengers were not allowed by Aeroflot to board said flight.

125.    That upon such denial the above-named Plaintiffs were ordered by Aeroflot to purchase substitute air fare for an additional expense.

126.    That while being estranged at Moscow's Sheremetyevo International Airport the above-named Plaintiffs were not provided with any meaningful care by Aeroflot or Finniar.

127.    That while being estranged at Moscow's Sheremetyevo International Airport the above-named Plaintiffs experienced willful indifference on the part of

employees of the above-named defendant AEROFLOT, who were not willing to provide any care for estranged passengers.

128.     That due to denial of boarding of flight SU 2206 on August 5, 2018 the above-named Plaintiffs were subjected to severe physical inconvenience resulting in financial injury at the sum to be determined at trial.

129.     That due to entire duration of cancellation for 24 hours the above-named Plaintiffs and subsequent late arrival to Chicago at 3:45PM on August 7, 2017 the above-named Plaintiffs lost one day of their employment, whereby incurring actual economic damages in the sum to be proven at trial.

130.     That the above-identified circumstances of denial of boarding of plaintiff's international airfare transportation flight No. SU 2206 on August 5, 2018  are actionable pursuant to Article 19 of the Montreal Convention.

131.     That as a direct and proximate cause of said delayed departure of international air flight No. SU 2206 on August 5, 2018, and while being confined within a departure area of Moscow's Sheremetyevo International Airport, the Plaintiffs incurred similar actual out-of-pocket economic expenses in the sum to be proven at trial.

132.     That, as a direct and proximate cause of the above-identified willful indifference by the above-named defendant, and delay of international airfare in excess of 24 hours the above-named Plaintiffs missed one day of their employment, thereby incurring actual economic pecuniary damages in the sum to be proven at trial.

133.     That as a direct and proximate cause of denied boarding of flight No SU 2206 on August 5, 2018, the Plaintiffs were subjected to compensable economic actual, general, special, incidental and consequential pecuniary damages, including but not

limited to loss of wages, additional transportation expenses incurred at the port of arrival, loss of benefit of their bargain, per diem and local foodstuffs / refreshment expenses, medicine procurement expenses, as well as economic damages with nexuses to financial injury of indifferent treatment, inconvenience, physical discomfort, physical exhaustion, loss of time, delay, physical frustration, uncertainty, loss of use of money and other legally cognizable economic damages, losses and injuries.

134.    That under the Article 36 of the Montreal Convention, Aeroflot and Finnair are jointly and severally liable for damages caused by delay of international airfare carriage of their passengers.

135.    That as a direct and proximate cause of denied boarding of international air flight No. SU 2206 on August 5, 2018, the above-named Plaintiffs were subjected to additional lodging and per diem expenses, spoliation of their memorable trip, inconvenience, financial injury, physical discomfort, loss of time, loss of use of their monies, and was subjected to various economic actual, general, special, incidental and consequential damages in the sum to be ascertained at trial.

136.    That, thereafter the above-named defendant was duly served with plaintiff's notices of claims against them, in accordance with Article 22(6) of the Montreal Convention for damages caused by their breach of transportation agreement and delay in international transportation in violation of the Montreal Convention.

137.    That said demand was unambiguously and willfully rejected by the above-named defendant prior to filing of this action.

138.     That due to defendant's willful rejection of pre-suit settlement claims on the part of all the above-named defendants, the above-named Plaintiffs are entitled to reasonable attorneys fees pursuant to the Article 22(6) of the Montreal Convention.

139.     That the above-named Plaintiffs are also entitle to award of their attorneys fees pursuant the Art XI(4) of the Hague Protocol amendments as incorporated by Article 22(6) of Montreal Convention as ratified by the US Senate on July 31, 2002.

**WHEREFORE,** the above-named Plaintiffs on behalf of entire class of passengers of flight SU 2206 on August 5, 2018 are hereby respectfully requesting this Court to award them amount of compensable economic actual and general damages in the sum of 4694 SDR or $6,487.80 per passenger; or in the sum  to be proven at trial; and additional amounts in the sum to be proven at trial; as well as an amount of special, incidental and consequential damages in the additional sum to be determined at trial; and reasonable amount of attorney's fees; as well as costs and disbursements of this action; and such other and further relief as the Court deems just and proper.

### CLASS ACTION AND INDIVIDUAL COUNT TWO:
### Cause of Action for Breach of Contract: Breach of Self-Imposed and Voluntarily Assumed Contractual Duty

As a separate cause of action against the above-named Defendants, AEROFLOT RUSSIAN AIRLINES and FINNAIR, jointly and severally, the above-named Plaintiffs, DMITRY BANDURIN, SVETALANA BANDURINA and ALEXANDER BANDURIN, individually and on behalf of all members of both proposed classes are alleging as follows:

140.    That the above-named Plaintiffs are hereby repeating, re-alleging, and adopting §§ 1-139 of preceding sections of this entire Amended Class Action Complaint as set forth fully herein and incorporates them by reference:

141.    That the Plaintiffs on behalf of all other class members similarly situated of proposed Class of air flight No. SU 2206 operated as operated by Aeroflot and Finnair on August 5, 2018, which were denied boarding of said flight, causing the Plaintiffs to incur compensable damages are seeking, among other relief, to recover compensable economic actual, general and special damages in aggregate sum of $6,897.82 per class member from the above-named defendant for economic damages caused by delay or cancellation of international airfare pursuant Art. 19 of the Montreal Convention as incorporated by defendant's Contract of Carriage.

142.    That, at all times material hereto, the above-named parties entered into the contract for international airfare transportation on August 5, 2018 of the above-named plaintiffs from the place of their domicile at Chicago, Illinois, USA to Moscow, Russian Federation and thereafter on 8-5-2018 coming back to Chicago.

143.    That, at all times material hereto, the above-named defendant was under self-imposed voluntary assumed contractual duty to allow the above-named plaintiffs to board said international flight.

144.    That, at all times material hereto, the above-named defendant was under self-imposed voluntary assumed contractual duty to provide estranged passengers with care, including provision of food, refreshments, telecommunication services and access to lavatories in a case of delay or cancellation of international airfare.

145.     That at all times material hereto the above-named defendant was under self-imposed voluntary assumed contractual duty to compensate passengers for damages caused by delay of international airfare per Art. 19 of Montreal Convention.

146.     That the above-referenced self-imposed contractual duties became the part contract for international airfare transportation, formed and entered into at the place of plaintiff's domicile at DuPage County, Illinois, USA.

147.     That, at all times material hereto, on August 5, 2018 the defendant Aeroflot breached the above-referenced contractual duty by denying boarding to the above-named Plaintiffs of its flight SU 2206.

148.     That, at all times material hereto, on August 5, 2018 the above-named defendant breached the above-referenced contract for international airfare carriage by failing to render care to the Plaintiffs, while they have been subjected to denied boarding of their departing flight No. SU 2206.

149.     That, at all times material hereto, on August 5, 2018 the above-named defendant breached the above-referenced contract for international airfare carriage by ordering the above-named Plaintiffs to purchase a substitute air fare due to denied boarding of their departing flight No. SU 2206.

150.     That, at all times material hereto, the above-named defendant breached the above-referenced contractual duty by failing to meaningfully compensate the above-named Plaintiffs for compensable economic pecuniary damages caused by denied boarding of international flight No. SU 2206 on August 5, 2018, thereby breaching its self-imposed contractual obligation under Art. 19 of the Montreal Convention as incorporated by defendant's Contract of Carriage.

151.    That said breach of self-imposed voluntary assumed contractual duties by the defendant was material breach of essential condition precedent imposed upon the above-named defendant by operation of the above-referenced voluntarily assumed and self –imposed contractual undertaking.

152.    That, alternatively the above-referenced breach of contractual duty by the above-named defendant was material breach of essential *ex contractu* condition subsequent imposed upon the above-named defendant by operation of the above-referenced voluntarily assumed and self –imposed contractual undertaking.

153.    That, at all times material hereto, the above-named plaintiffs duly performed all conditions and covenants required to be performed by said contract for international airfare transportation.

154.    That as a direct and proximate cause of said material breach of contract perpetrated by the above-named defendants on August 5, 2018, the above-named plaintiffs incurred compensable economic actual, general, special, incidental and consequential damages in the sum to be determined at trial.

**WHEREFORE,** the above-named Plaintiffs, on behalf of all passengers of flight SU 2206 on August 5, 2018, are hereby respectfully requesting this Court to award them amount of compensable economic actual and general damages in the sum of 4694 SDR or $6,487.80 per passenger member of the above-identified Class; or in the sum  to be proven at trial; as well as an amount of compensable economic special, incidental and consequential damages in the additional sum to be determined at trial; and reasonable amount of attorney's fees; as well as costs and disbursements of this action; and such other and further relief as the Court deems just and proper.

## INDIVIDUAL AND CLASS ACTION COUNT THREE:
### Cause of Action for RICO, 18 U.C.S.A. § 1964(c):

As a separate cause of action against the above-named Defendant, AEROFLOT RUSSIAN AIRLINES, jointly and severally, the above-named Plaintiffs, individually and on behalf of members of proposed Class is alleging as follows:

155.    That the above-named Plaintiff is hereby repeating, re-alleging, and adopting §§ 1-154 of preceding sections of this entire Class Action Complaint at Law, as set forth fully herein and incorporates them by reference:

156.    That on multiple previous occasions the above-named defendant, AEROFLOT RUSSIAN AIRLINES, defrauded variety of international air travel passengers by refusing to accept previously purchased air travel tickets and by forcing its passengers to procure substitute airfare tickets at additional expense.

157.    That as reflected by the above-identified experience of the Bandurin Family the above-identified conduct was continues and related.

158.    That at all times material hereto, the above-named Defendant, AEROFLOT RUSSIAN AIRLINES, was conducted racketeering activities through the utilization and control over enterprise known as of an enterprise.

159.    That, that the above-identified pattern of racketeering activity includes the following predicated acts:

    (a)        the act of defrauding Plaintiffs;

    (b)        the act of using the internet to defraud Plaintiff;

160.    That the above-identified predicated acts of racketeering activity are inter-related and continuing.

161.    That continuity of racketeering activities on the part of acts of Defendant, AEROFLOT RUSSIAN AIRLINES, is shown by closed period of racketeering conduct extending over substantial period of time.

162.    That the above-identified period of racketeering conduct amounts to a threat of continued racketeering activity.

163.    That the above-identified pattern of racketeering conduct constitutes "closed-ended continuity,"

164.    That the "closed-ended continuity of racketeering perpetrated by Defendant AEROFLOT RUSSIAN AIRLINES is demonstrated by the above-identified predicate acts.

165.    That the above-identified predicate facts were neither isolated nor sporadic.

166.    That the above-identified racketeering acts perpetrated by Defendant, AEROFLOT RUSSIAN AIRLINES, pose a threat of continued criminal activity.

167.    That as a direct and proximate cause of the above-identified racketeering acts, perpetrated by the above-named Defendant, AEROFLOT RUSSIAN AIRLINES, the above-named Plaintiffs were subjected to actual damages in the sum of $19.638.80.

168.    That as a direct and proximate result of the above-identified racketeering activities, perpetrated by the above-named Defendant, AEROFLOT RUSSIAN AIRLINES, the above-named Plaintiffs incurred general, special, incidental and consequential damages in the approximate sum to be proven at trial.

169.    That, all the above –identified damages were directly and proximately caused by the pattern of racketeering activities conducted by the above-named Defendant, AEROFLOT RUSSIAN AIRLINES.

**WHEREFORE,** the above-named Plaintiffs are demanding judgment against the above-named Defendant, AEROFLOT RUSSIAN AIRLINES, in the amount of actual, general, special, incidental and consequential damages in the sum to be proved at trial; treble amount of statutory damages pursuant to 18 USCA §1964 (c); amount of reasonable attorneys fees pursuant 18 U.S.C.A. §1964(c); as well actual, general, special, incidental and consequential damages; the costs, expenses and disbursements of this action; the amount of punitive damages, if proper, as may be approximate from said Defendant in the amount sufficient to deter future wrongful conduct; the amount of reasonable attorney fees if proper as well as for other and further relief the Court deems fit and proper.

## XX. INDIVIDUAL CLAIMS RELEIF

**WHEREFORE,** the above-named Plaintiffs, individually on their own behalf are hereby respectfully requesting this Honorable Court to award them with final order of judgment in the sum of $6,897.82 per plaintiff passenger against the above-named Defendant for all the above-stated causes of action as follows:

A. The amount of compensatory economic actual and general damages in the sum of 4604 SDR (Special Drawing Rights) or in the sum of $6,897.82 per individual passenger, or in the sum to be proven at trial; and

B. The amount of compensatory economic special, incidental, consequential and inconvenience damages or in the sum to be proven at trial; and

C. Pursuant to the Rule 54(d)(2) of Federal Rules of Civil Procedure, an award of reasonable amount of attorney's fees in accordance with "settlement inducement provision" contained in Article 22(4) of the Hague Protocol amendments as

incorporated by Article 22(6) of Montreal Convention for defendant's rejection of written notice of claim and to pre-suit settlement demand; and

      D.     Pursuant to the Rule 54(d)(2) of Federal Rules of Civil Procedure, an award of attorneys fees costs and disbursements of this action; and

      E.     Plaintiffs are also moving this Court for scheduling of evidentiary hearing on the issue of award of attorney's fees and costs upon entry of order of judgment pursuant to Rule 54 (d)(1) and (2) of Federal Rules of Civil Procedure; and

      F.     Award treble amount of statutory damages pursuant to 18 USCA §1964 (c);

      G.     Award amount of reasonable attorneys fees pursuant 18 U.S.C.A. §1964(c);

      H.     Such other and further relief as the Court deems just and proper.

## XXI.  CLASS ACTION RELEIF:

      J.     That the above-named Plaintiffs are repeating, re-alleging, and adopting §§ 1-169 and §§ A – H of preceding sections of this entire Amended Class Action Complaint at Law, as set forth fully herein and incorporates them by reference:

      K.     That the Court determines that this action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure; that the Plaintiffs are proper class representative; and that the best practicable notice of this action be given to members of the Class represented by the Plaintiffs;

      L.     That the judgment be entered against AEROFLOT RUSSIAN AIRLINES and FINNAIR and in favor of Plaintiffs and the Class on the Cause of Action in this Complaint, in an amount of compensable economic damages amounting to the sum of

$6,487.80 per member of the above-asserted Class; or in the sum to be determined at trial;

     M.     That judgment be entered imposing interest on damages, litigation costs, and attorneys' fees against AEROFLOT RUSSIAN AIRLINES and FINNAIR, jointly and severally, if proper; and

     N.     For all other and further relief as this Court may deem to be necessary and appropriate.

     PLEASE TAKE NOTICE that the above-named Plaintiffs, on their own behalf and on behalf of all Class Members are hereby respectfully requesting the trial by jury on all counts asserted herein.

     PLEASE TAKE FURTHER NOTICE that the undersigned counsel of record as member of bar of the United States District Court for Northern District of Illinois is hereby designated as lead trial counsel in the above-captioned matter.

     Dated this Class Action Complaint at Law on this 12th day of January 2019.

                    Respectfully submitted by
                    GOROKHOVSKY LAW OFFICE, L.L.C.
                    Attorneys for Plaintiffs

               BY: *Vladimir M. Gorokhovsky, Esq.*
                    /S/ VLADIMIR M. GOROKHOVSKY, LL.M.
                    ILND TR. 10994

**P.O. Business Address:**
Gorokhovsky Law Office, LLC
10919 North Hedgewood Ln.,
Mequon, WI  53092
Telephone: (414)-581-1582
gorlawoffice@yahoo.com

CERTIFICATE OF SERVICE:

I hereby certify that on January 13, 2019, I caused a copy of the foregoing to be electronically filed with the Clerk of Court using CM/ECF, which will send electronic notification to the parties and registered attorneys of record that the document has been filed and is available for viewing and downloading.

BY: **Vladimir Gorokhovsky, Esq.**

_____

/s/ VLADIMIR GOROKHOVSKY

**IN THE UNITED STATES FEDERAL COURT**
**OF NORTHERN DISTRICT OF ILLINOIS**

**DMITRY BANDURIN,** *et., al.,*                              Case No. **1:18-CV-**

                **Plaintiffs**

      **vs.**

**AEROFLOT RUSSIAN AIRLINES,** *et., al.,*

                **Defendants**           <u>NOTICE OF ATTORNEY'S LIEN</u>

TO:  **AEROFLOT RUSSIAN AIRLINES**     **TO: FINNAIR O.Y.J.**
      **1634 Eye Street NW, Suite 200**         **FinnAir Oyj,**
      **Washington, DC 20006**             **Paakassa ACA/14, 01053**
                                         **Finland**

      PLEASE TAKE NOTICE that DMITRY BANDURIN, SVETLANA BANDURINA and ALEXANDER BADURIN, (hereinafter referred to as the "Plaintiffs") has placed in our hands for collection a certain suit, claim, demand or cause of action against you for injuries received by the claimant on, to wit: the 5th day of August, 2018, you are hereby notified that the claimant entered into a contract with us to pay as compensation for our services rendered and to be rendered in and about the prosecution of said suit, claim, demand or cause of action, a sum equal to maximum sum of attorneys fees allowed by pertinent law of any amount recovered by way of settlement or otherwise, prior to the actual trial of said cause in Court, and forty percent of any amount recovered after suit is started and the trial of said cause is begun.

      You are further notified that by virtue of the Attorney's Lien Act, 770 ILCS 5/1, as amended, we claim a lien to the extent of our interest, as above set forth in said claim, demand, cause of action and suit at law, which said lien, by virtue of said law, attaches to any verdict or judgment entered or to be entered in such suit or to any money or property which may be recovered by the claimant on account of such claim, demand, suit or cause of action from and after the service of this notice.

                                *Vladimir Gorokhovsky, Esq.*
                          _____
                          VLADIMIR GOROKHOVSKY
                          Attorney for Plaintiffs
                          10919 N. Hedgewood Ln, Suite 2A
                          Mequon, WI 53092
                          (414) 581-1582